Leonard M. Shulman – Bar No. 126349
Rika M. Kido – Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
8105 Irvine Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000
E-mail:          lshulman@shbllp.com
                     rkido@shbllp.com

Attorneys for Plaintiff
Lynda T. Bui, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:13-bk-26439-MW |
| **NARENDRA D. PATEL and SUNITA N. PATEL,** | Chapter 7 |
| Debtor(s). | Adv. Case No. |
| **LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Narendra D. Patel and Sunita N. Patel,** | **COMPLAINT FOR:** |
| Plaintiff, | 1. **SALE OF PROPERTY [11 U.S.C. § 363(h)];** |
| v. | 2. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; and** |
| **SURENDRA D. PATEL, an individual and KAMINI S. PATEL, an individual.** | 3. **DECLARATORY RELIEF** |
| Defendant(s). | |

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

1

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

Lynda T. Bui, solely in her capacity as the duly appointed, qualified and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Narendra D. Patel and Sunita N. Patel ("Debtors"), hereby brings this Complaint and respectfully complains and alleges as follows:

### I.    STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property) and Federal Rule of Bankruptcy Procedure 7001(3) (a proceeding to obtain approval under 11 U.S.C. § 363(h) for sale of both the interest of the estate and of a co-owner in property).

2. Plaintiff, as Trustee, has standing to bring this action under 11 U.S.C. §§ 323.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding arises and is related to the Debtors' bankruptcy case, which was commenced through the filing of a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code by the Debtors on October 3, 2013 ("Petition Date") in the Central District of California, Riverside Division.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $18,675.00.

6. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (b)(2)(E) (orders to turn over property of the estate); (b)(2)(N) (orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate); and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). To the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

2

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

7. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II.    PARTIES

8. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee for Debtors' Estate, and brings the claims asserted herein in that capacity.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant herein Surendra D. Patel and Kamini S. Patel, husband and wife ("Defendants"), are and were individuals residing in the County of Riverside, State of California.

## III.    GENERAL ALLEGATIONS

10. On October 3, 2013, the Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

11. Lynda T. Bui is the duly appointed, qualified and acting Chapter 7 trustee in the Debtors' bankruptcy case.

12. The Trustee is informed and believes and thereon alleges that as of November 19, 2002, the Debtors and the Defendants have owned the real property located at 13921 Oaks Avenue, Chino, California 91710, APN 1021-221-20 ("Property") by being on title to the Property as joint tenants.

13. The Debtors did not list the Property on Schedule A of their bankruptcy Schedules.

## FIRST CLAIM FOR RELIEF

### [Sale of Property by Petition]

### 11 U.S.C. § 363(h)

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

15. Partition in kind of the Property between the Estate and Defendants is impracticable and cannot be made without extreme prejudice to the Debtors' Estate and Defendants.

16. A sale solely of the Estate's undivided interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interest of the Defendants.

17. The benefit to the Estate of a sale of the Property free of the interest of the Defendants outweigh the detriment, if any, to the Defendants.

18. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

19. Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Debtors' bankruptcy case. Pursuant to such a motion, Plaintiff will provide for a distribution to the Defendant, and to the Debtors' Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property.

### SECOND CLAIM FOR RELIEF

### [Turnover of Property of the Estate]

### 11 U.S.C. § 542

20. Plaintiff hereby incorporates by reference paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

21. Defendant is in possession of property of the Debtors' Estate, namely a one-half interest in the Property and the proceeds of the sale of the Property.

22. Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of the property of the Estate, namely a one-half (1/2) interest in the Property.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

### THIRD CLAIM FOR RELIEF

**[Declaratory Relief]**

23. Plaintiff hereby incorporates by reference paragraphs 1 through 13 and realleges these paragraphs as though set forth in full.

24. Plaintiff and Defendants herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is informed and believes, and thereon alleges, that the said disputes are actual and continuing, and concern the continuing assertion by Defendants that they may assert claims herein, retain the benefits of illegal or wrongful acts of other defendants herein, and/or adopt and ratify the said illegal and wrongful acts, to the damage and prejudice of Plaintiff.

25. Plaintiff is informed and believes and thereon alleges that the Debtors have at least a one-half (1/2) interest in the Property.

26. Based on the foregoing, Plaintiff respectfully requests from this Court a declaration that at least one-half (1/2) of the interest in the Property is property of the Estate pursuant to § 541 of the Bankruptcy Code and that the Property must be turned over to be used and sold by the Trustee pursuant to § 363 of the Bankruptcy Code.

**WHEREFORE**, the Trustee prays that this Court enter judgment as follows:

1. Approving the sale of both the interest of the Estate and of the Defendants in the Property;

2. For turnover of one-half (1/2) of the Property;

3. Stating a declaration that at least one-half (1/2) of the interest in the Property is property of the Estate pursuant to § 541 of the Bankruptcy Code and that the Property must be turned over to be used and sold by the Trustee pursuant to § 363 of the Bankruptcy Code;

4. Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

///

///

///

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: November 4, 2014    */s/ Rika M. Kido*
Leonard M. Shulman
Rika M. Kido
Attorneys for Lynda T. Bui, Chapter 7 Trustee

**SHULMAN HODGES &
BASTIAN LLP**
8105 Irvine Center Drive
Suite 600
Irvine, CA  92618

6

Z:\O-P\Patel, Narendra and Sunita\Adv\Patel, Surendra & Kamini\Pld\Complaint 001.doc
4787-000/86

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>Rika M. Kido – Bar No. 273780<br>SHULMAN HODGES & BASTIAN LLP<br>8105 Irvine Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>E-mail:  lshulman@shbllp.com; rkido@shbllp.com<br><br>*Attorney for Plaintiff*  Lynda T. Bui, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>NARENDRA D. PATEL and SUNITA N. PATEL,<br><br>Debtor(s). | CASE NO.: 6:13-bk-26439-MW<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Narendra D. Patel and Sunita N. Patel,<br>Plaintiff(s)<br>Versus<br>SURENDRA D. PATEL, an individual and KAMINI S. PATEL, an individual.<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____     **Place:**
**Time:** _____                    ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** Video Ctrm 225          ☑ 3420 Twelfth Street, Riverside, CA 92501
                                       ☐ 411 West Fourth Street, Santa Ana, CA 92701
                                       ☐ 1415 State Street, Santa Barbara, CA 93101
                                       ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 1                            **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                         **KATHLEEN J. CAMPBELL**
                         **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                      By: _____
                                Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 2                               **F 7004-1.SUMMONS.ADV.PROC**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Narendra D. Patel and Sunita N. Patel | **DEFENDANTS**<br>SURENDRA D. PATEL, an individual and KAMINI S. PATEL, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Shulman Hodges & Bastian LLP<br>8105 Irvine Center Drive, Suite 600, Irvine, CA 92618<br>T: 949-340-3400; F: 949-340-3000 | **ATTORNEYS** (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Chapter 7 Trustee's Complaint for: 1) Sale of Property [11 U.S.C. Section 363(h)]; 2) Turnover of Property of the Estate [11 U.S.C. Section 542]; and 3) Declaratory Relief

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [3] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [2] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> NARENDRA D. PATEL and SUNITA N. PATEL | **BANKRUPTCY CASE NO.** <br> 6:13-bk-26439-MW | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Riverside | **NAME OF JUDGE** <br> Honorable Mark S. Wallace |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> */s/ Rika M. Kido* | | |
| **DATE** <br> 11/4/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Rika M. Kido, Esq. <br> Counsel for Lynda T. Bui, Chapter 7 Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.